Ahmed v. Garland

BIA
McCarthy, IJ
A206 733 418

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

JAHED AHMED,
> *Petitioner,*

v.                                                                      21-6272-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director; Kasey J. Chapman, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioner Jahed Ahmed, a native and citizen of Bangladesh, seeks review of an April 23, 2021 decision of the BIA affirming an October 30, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jahed Ahmed,* No. A206 733 418 (B.I.A. Apr. 23, 2021), *aff'g* No. A206 733 418 (Immigr. Ct. N.Y.C. Oct. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and

presume "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Ahmed was not credible as to his claim that members of the Awami League attacked him and his father on account of their involvement with the Bangladesh Nationalist Party ("BNP"). First, the agency reasonably relied on Ahmed's inconsistent statements regarding whether his father was beaten to death, when he was attacked, and what

3

role he had in the BNP. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Ahmed failed to adequately explain these inconsistencies, and instead changed his testimony, which introduced additional inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency also reasonably relied on Ahmed's failure to state his age consistently or to provide a plausible age for his mother. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (recognizing that an adverse credibility determination may be based on inherent implausibility if the finding "is tethered to the evidentiary record" or "record facts . . . viewed in the light of common sense and ordinary experience").

Contrary to Ahmed's argument, the IJ was not required to give him an additional opportunity to provide corroborating evidence. *See Wei Sun v.*

4

*Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) ("[I]t is reasonable not to require that applicants receive a second opportunity to present their case after the IJ identified the specific evidence they need to prevail."). And there is no merit to Ahmed's argument that the IJ ignored issues with the language interpretation at his hearing. He does not identify any such issues but instead points to an instance in which he claimed not to have understood a question only to admit later that he had understood but misremembered a date, along with instances when the interpreter asked for clarification or requested that an attorney speak louder or repeat a question. *Cf. Guo Qi Wang v. Holder*, 583 F.3d 86, 89 n.1 (2d Cir. 2009) (rejecting a mistranslation argument because petitioner "failed to identify any translation errors that significantly alter[ed] the meaning of his testimony").

We conclude that the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 165–67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court